MURRAY ET AL. *v.* STATE EX REL. KING ET AL.

[No. 27,739. Filed July 28, 1942.]

324

Robert E. *Zimmerman* and *Arnold, Degnan, Dohnalek & Goheen,* all of South Bend, for appellants.

*Aaron Huguenard,* of South Bend, for co-appellants.

*Eli F. Seebirt* and *Roland Obenchain,* both of South Bend, for appellees.

RICHMAN, J.—By the judgment from which this appeal is taken the auditor of St. Joseph County was mandated to perform certain ministerial duties prescribed by § 26-540, Burns' 1933, § 5405, Baldwin's 1934, relative to a bond issue of $215,000, the proceeds of which are to be used for buildings, fences and equipment on the St. Joseph County Aviation Field owned and operated by the county. Appellants are five objecting taxpayers who were permitted to intervene. The auditor was named as a co-appellant but with co-appellants board of commissioners and county council has filed a joint motion asking that the judgment be affirmed. Errors are assigned on conclusions of law drawn from special finding of facts.

There is no question as to the authority of the county under § 26-532, Burns' 1933, § 5396, Baldwin's 1934, to issue bonds in the amount and for the purposes above stated nor as to the duty of the auditor under § 26-540, Burns', § 5405, Baldwin's, *supra,* to act as mandated when the county council has determined to issue the bonds. The judgment is attacked on the grounds, first, there has been no final determination by the council that the bonds be issued and, second, if the action of the council was final in the sense that its control over the proceedings had ceased, nevertheless a remonstrance under § 7 of chapter 119 of the Acts of 1937, filed

subsequent to the meeting of the council, nullified such determination and defeated the issue.

The court found that the air field was and is used by the three major transcontinental air lines carrying passengers, express and mail and by the United States Army for training and military flights of its pilots, that after the regular 1941 meeting of the county council and formulation of the annual budget war was declared and a fire occurred destroying the airport's administration building and its equipment, that the war increased the need for and the use of the airport and made imperatively necessary its improvement, that both the board of commissioners and county council determined that an extraordinary emergency existed requiring such improvements and the council appropriated $215,000 and by ordinance authorized the issuance of bonds in that amount which issue, after hearing, was approved by the State Board of Tax Commissioners.

Upon these facts there was no occasion for compliance with any of the provisions of chapter 119 of the Acts of 1937, for § 6 thereof, § 64-312, Burns' 1933 (Supp.), § 15897-6, Baldwin's Supp. 1937, expressly states that "neither the total rates fixed in section three . . . nor any other provisions of this act, shall apply to levies or rates required . . . (c) to meet the interest and principal upon any obligations issued . . . to meet an emergency growing out of a . . . fire . . . war or other major disaster; . . ."

But at the meeting of the council, a verified petition of more than fifty taxpayers was presented requesting the bond issue and the council, besides finding the emergency, also found that this petition was in conformity with the Act of 1937 and in its ordinance inserted a clause reading:

"In the event a remonstrance against the issuance of said bonds shall be filed by the owners of taxable real estate under the provisions of Chapter 119 of the Acts of 1937, then no further steps shall be taken towards the issuance of said bonds until such remonstrance shall have been presented to the Council and the Council shall have determined the sufficiency of the same."

Without waiting for the council's conclusion as to the sufficiency of the remonstrance thereafter filed, relator appellees brought this action in mandate. By its conclusions of law, the trial court necessarily found that the council's control over the proceedings had ended and that the auditor's obligation to act under § 26-540, Burns', § 5405, Baldwin's, *supra,* had matured.

In a case where proceedings before a county council are based solely on a taxpayers' petition for a bond issue, the only duty of the council under § 7 of the Act of 1937, is to determine whether or not the bonds shall be issued. When it has so determined, it has exhausted its powers. Any remonstrance against favorable action upon the petition necessarily must be filed with the auditor after such determination and after adjournment of the council. If the remonstrance is sufficient, the bond issue is defeated. If it is insufficient, the auditor must proceed with his duties outlined in § 26-540, Burns', § 5405, Baldwin's, *supra.*

Incident to the discharge of his administrative duty, the auditor must satisfy himself that the remonstrance is or is not sufficient. This may involve his determination of a question of fact or one of law or both. If he errs in such determination there is a remedy in the courts, by injunction if he proceeds with the sale of bonds in the face of a sufficient remonstrance, by mandate if he refuses to disregard an insufficient remonstrance. What he shall do

is not to be predetermined for him by the council. Its only duty under the statute is to act on the petition. It may grant or deny the petition or it may postpone action. There is no suggestion in the statute that a conditional determination may be made. There is neither express nor implied power to retain jurisdiction for the purpose of determining the sufficiency of later steps in the administrative procedure. A remonstrance is either effective or ineffective without regard to what the council may conclude as to its sufficiency. It follows, therefore, that the attempted retention of control by the quoted portion of the ordinance was beyond the power of the council and may be treated as surplusage.

This 1937 act was not intended to and does not prescribe the procedure for all bond issues by municipal corporations. Its fundamental purpose is to limit tax rates. Obligations are incurred pursuant to authority conferred and under procedure prescribed in other statutes. Nor are the limitations of the 1937 act all-inclusive. They do not apply to tax levies for certain kinds of obligations specifically exempted in clauses (a) (b) (c) and (e) of § 6. Clause (d) evidently was inserted to give the taxpayers themselves the opportunity of exempting from the limitations of the act obligations to be met by tax levies for purposes other than those mentioned in (a) (b) (c) and (e) and the procedure set up in § 7 is applicable only to such other obligations. So, as before stated, no petition was necessary in this case where the purpose of the bond issue and appropriation was to meet an emergency created both by fire and war.

Appellants' argument ignores this emergency. The fire occurred February 6, 1942. Three days thereafter

the board of commissioners recognized the emergency and instituted the proceedings which culminated in the council's determination to issue the bonds. The filing of the petition by taxpayers did not abate the emergency which still exists as the trial court specifically found. Proceedings prescribed by other statutes than the Act of 1937 have reached the stage where the auditor is required to act as detailed in § 26-540, Burns', § 5405, Baldwin's, *supra,* and the mandate was therefore in order. The remonstrance was ineffective even if properly verified. Judgment affirmed.

NOTE.—Reported in 42 N. E. (2d) 1019.